# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| WILLIE RAY ROLLINS, ) ) Plaintiff, ) ) VS. ) ) COMMISSIONER OF ) SOCIAL SECURITY, ) ) Defendant. ) | No. 24-1180-STA-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON SECTION 405(g) REVIEW OF THE COMMISSIONER'S FINAL DECISION AND AFFIRMING DECISION OF THE COMMISSIONER**

On July 28, 2025, Magistrate Judge Annie T. Christoff filed a report recommending that the Court affirm the decision of the Commissioner denying Plaintiff's claims for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act ("the Act"). (ECF No. 17.) Plaintiff has filed objections to the report (ECF No. 18), and the Commissioner has filed a response to those objections. (ECF No. 20.) For the reasons set forth below, the Court finds that the Report and Recommendation should be **ADOPTED** in its entirety because the Magistrate Judge properly evaluated the facts in the record and applied the applicable law. Accordingly, the decision of the Commissioner denying Plaintiff's claims for disability is hereby **AFFIRMED**.

If a party objects within the allotted time to a report and recommendation, as did Plaintiff, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed.

R. Civ. P. 72(b). Parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), "vague, general, or conclusory objections" are waived, and the Court will consider only the portions to which specific objections are made.

Neither party has objected to the background of this matter as set out by the Magistrate Judge. Therefore, the Court adopts the Magistrate Judge's description of the events leading up to this lawsuit.

> Rollins filed an application for disability insurance benefits and an application for supplemental security income on November 30, 2020. Both of his claims were denied on February 24, 2021, and again on reconsideration on May 26, 2022. Rollins requested a hearing before an ALJ, which was held on July 19, 2023. The ALJ issued an unfavorable decision on September 23, 2023, finding Rollins not disabled.
>
> The Social Security Appeals Council denied Rollins's request for further review on August 8, 2024. As a result, Rollins has exhausted his administrative remedies, and the ALJ's September 23, 2023 decision stands as the final decision of the Commissioner. Under section 205(g) of the Act — 42 U.S.C. § 405(g) — judicial review of the Commissioner's "final decision" is available if requested with sixty days of the mailing of the decision. On August 27, 2024, Rollins timely filed the instant action.

(Rep. & Rec. p. 2, ECF No. 17 (record citations omitted.))

The Magistrate Judge then summarized the factual background, which also has not been objected to.

> Rollins was born on May 25, 1975. In his Disability Report, Rollins indicates that he can read, speak, and understand English and that he completed the eleventh grade in 1994. He claims that the following conditions limit his ability to work:

> "heart attack, breathing problem, sleep apnea and sleep with machine, high blood pressure, high cholesterol." He believes that his conditions began to interfere with his ability to work on December 15, 2019. Rollins officially stopped working on March 15, 2020, when he was hospitalized due to COVID-19.
>
> In his function report, Rollins reports that he lives in a hotel room. In the past, he worked as a forklift operator, custodian, and laborer. His conditions impact his memory and his ability to lift, walk, climb stairs, understand, squat, sit, bend, kneel, stand, and complete tasks. After walking, he must rest ten to fifteen minutes or longer depending on the physical activity, and he can only focus his attention for no more than twenty to thirty minutes. He claims that he does not handle stress well because it raises his blood pressure and causes headaches. He tries to adapt to changes in his routine, but it makes him feel anxious and frustrated.
>
> At the hearing, Rollins testified that he had his first heart attack in 2015. He stated that he is unable to see a cardiologist because he does not have insurance, but he takes heart medication. Rollins stayed overnight at the hospital after having a heart attack in 2019 and in September 2020. He sees a mental health counselor and takes medication for anxiety and depression. He cannot sit in a chair for longer than twenty-five or thirty minutes before he tenses up and his back begins to hurt. He can stand for fifteen minutes, but he cannot lift any weight, bend, or stoop because he feels nauseated and dizzy when he reaches down to lift something and sometimes has trouble breathing. His health is the main reason that he would not begin working again.

(*Id.* at pp. 2-3 (record citations omitted.))

After setting out the five-step sequential process, the Magistrate Judge explained that the ALJ had determined that Plaintiff suffered from the following severe impairments: chronic heart disease with cardiomyopathy, status post myocardial infarctions; depression; anxiety; and bipolar disorder, consistent with §§ 404.1520(c) and 416.920(c) (second step) but retained the residual functional capacity ("RFC") to preform light work as defined in 20 CFR 404.1567(b) and 416.967(b) (fourth step). (*Id.* at p. 7.)

> [H]e can lift and/or carry twenty pounds occasionally and ten pounds frequently. He can sit, stand, and walk for six of eight hours each for a full eight-hour workday. He can push and pull with the upper extremities without limitation but only occasionally push and pull with the lower extremities bilaterally. He can perform fine and gross dexterity without limitation using the bilateral upper extremities. He can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can occasionally bend, stoop, crouch, balance, twist, and squat but never crawl.

> He can have occasional exposure to excessive heat and humidity but no exposure to heights or dangerous machinery. He can understand simple instructions and concentrate to perform simple tasks. He can respond and adapt to workplace changes and supervision but in a setting with only occasional contact with the public and coworkers and without production quotas.

(*Id.* at p. 7 (record citation omitted.))  Based on this RFC with certain limitations, the ALJ determined that Plaintiff had no past relevant work consistent with 20 C.F.R. §§ 404.1565 and 416.965; however, the ALJ concluded that, based on Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that he could perform. (*Id.*) As a result, the ALJ found that Plaintiff was not disabled under the Act at any time between the alleged onset date of December 15, 2019, and the date of the ALJ's decision on September 25, 2023. (*Id.*)

> The Magistrate Judge then set out the Court's standard of review.
>
> The Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by "substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405–06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The substantial-evidence standard is a deferential one, and an ALJ's decision generally stands if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Napier* [*v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1004 (6th Cir. 2025)] (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)); *see also Somberg ex rel. Somberg v. Utica Cmty. Sch.*, 908 F.3d 162, 173 (6th Cir. 2018) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994), for the proposition that substantial evidence is "more than a scintilla of evidence but less than a preponderance") ….
>
> If the evidence satisfies this low threshold, the Court should defer to the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Cardew* [*v. Comm'r of Soc. Sec.*, 896 F.3d 742, 745-46 (6th Cir. 2018)], 896 F.3d at 745–46 (quoting *Blakley*, 581 F.3d at 406).

(*Id.* at pp. 8-9 (some citations omitted.))

The Magistrate Judge narrowed the issue in this case to "whether the ALJ's RFC finding that Rollins could perform light work is supported by substantial evidence." (*Id.* at p. 8-9.) After reviewing the parties' arguments, Magistrate Judge Christoff looked at the opinions of Dr. Robert

4

Kennon, Dr. Peter Gardner, Dr. Donita Keown, and Dr. Jay Dubois and determined that the ALJ properly discounted their opinions because they were not supported by or consistent with other objective evidence in the record.

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ's partial rejection of the prior administrative medical findings of state agency psychological consultant Dr. Dubois was within the zone of adjudicative discretion. The ALJ reasoned, in part, that Dr. DuBois did not have access to the entire record and that the record as a whole supported the limitations delineated in the RFC rather than Dr. DuBois's findings.

Plaintiff also argues that the ALJ did not adequately explain why Dr. DuBois's findings were not fully consistent with the record. To the extent that Plaintiff made this argument in his initial brief, the Magistrate Judge rejected the argument because "the ALJ did discuss Dr. Dubois's conclusions regarding Rollins's mental health limitations, finding them more persuasive than those of Dr. Oritt but ultimately concluding that his specific limitations were not fully consistent with the longitudinal record." (*Id.* at p. 13 n. 3 (record citation omitted.)) Plaintiff has not convinced the Court that the Magistrate Judge's conclusion is not fully supported by the record. Moreover, the Commissioner correctly points out that the ALJ specifically noted findings showing that Plaintiff presented with appropriate and pleasant behavior, normal speech, and normal concentration, which were at odds with Dr. DuBois's limitations concerning social interaction. Thus, the ALJ addressed both the supportability and consistency factors as required by the opinion regulations.

As for Dr. Kennon's opinion, the Magistrate Judge found that the ALJ properly considered and articulated the supportability and consistency of Dr. Kennon's opinions. As part of this finding, Magistrate Judge Christoff looked at the ALJ's consideration of psychological testing conducted

by Dr. Kennon and other objective evidence, thus negating Plaintiff's argument that the Magistrate Judge failed to properly analyze Dr. Kennon's opinion.

Next, Plaintiff faults the ALJ for purportedly relying on the findings of the State agency medical consultants. Plaintiff reasons that this was error because additional evidence was submitted to the file after these doctors had rendered their findings. This Court agrees with the Commissioner that the ALJ did not "rely" on these findings but instead found them to be persuasive. Moreover, because the State agency consultants render their findings earlier in the process than the ALJ, there is always a gap in time between their reports and the ALJ's decision. The Sixth Circuit has rejected the argument that the ALJ "improperly relied on the state agency physicians' opinions because they were out of date and did not account for changes in [the claimant's] medical condition" when it is clear from the decision that the ALJ considered the subsequent evidence and "took into account any relevant changes" in the claimant's condition. *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009).

The Magistrate Judge rejected Plaintiff's assertion that the ALJ failed to discuss the records the doctors relied on during their evaluations. Magistrate Judge Christoff pointed to the various records that the ALJ relied on in rendering his opinion but also noted that an ALJ is not required to "discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence." (Rep. & Rec. p. 13 (quoting *Fenwick v. Colvin*, No. 1:14CV2581, 2016 WL 726898, at *8 (N.D. Ohio Feb. 24, 2016)).

In determining that the ALJ's decision was supported by substantial evidence, the Magistrate Judge properly reviewed the basis of that decision.

> The ALJ first established that Rollins's chronic heart disease, status post myocardial infarctions, depression, anxiety, and bipolar disorder were medically

6

> determinable impairments ("MDI") that significantly limited his ability to perform basic work activities as required by SSR 85-28. However, the ALJ determined that Rollins's statements concerning the "intensity, persistence and limiting effects of the symptoms" were not consistent with the evidence in the record. The ALJ found that Rollins's medical records consisted of normal physical and mental status findings despite Rollins's complaints of chest pain, anxiety, and depressed mood. The ALJ found that, although Rollins's "heart disease, anxiety, and depression symptoms all support finding exertional and non-exertional limitations in the claimant's ability to perform basic work activities during the relevant period, the objective evidence of the record does not support the full extent of claimant's subjective symptom reports." The ALJ also relied on evaluations by Dr. Richard Surrusco and Dr. Glenda Knox-Carter, who found that Rollins could perform light work with postural limitations. He determined that both doctors supported their findings with a review of available records and that their conclusions were generally consistent with Rollins's "documented heart disease and intermittent chest pain and shortness of breath that could be exacerbated by heavier exertion."

(*Id.* at p. 14 (record citations omitted.))

Finally, Plaintiff has identified several limitations he presented to the vocational expert at the hearing that he believes the ALJ should have adopted and that would have been work preclusive. He claims that the ALJ's step five finding was deficient as a result. However, the ALJ was not required to adopt any of these limitations. *See*, *e.g.*, *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389-90 (6th Cir. 2015) (stating that an ALJ is required to incorporate only those limitations that he accepts as credible); *see also Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (same).

The Magistrate Judge addressed Plaintiff's argument that the Commissioner failed to carry his burden at step five of the sequential analysis as follows.

> Rollins asserts that, when he proposed a hypothetical question containing all his limitations, the VE did not name any jobs. Rollins essentially argues that the ALJ should have found he was disabled because there were no jobs in significant numbers in the national economy that he could perform based on the VE's response.
>
> Rollins's argument fails because the hypothetical posed by the ALJ, which resulted in a finding of jobs consistent with those limitations, contained limitations supported by substantial evidence in the record. "A Vocational Expert's testimony must be based on a hypothetical question that accurately portrays the claimant's

7

> physical and mental impairments. A hypothetical question need only include those impairments that were accepted by the ALJ and may exclude impairments that the ALJ reasonably discredited." Rollins does not address how the limitations posed by the ALJ are inconsistent with the record or how the hypothetical limitations Rollins posed are supported by the record. Accordingly, Rollins has failed to demonstrate that the Commissioner did not meet his step-five burden or that the ALJ's decision was not supported by substantial evidence.

(*Id.* at p. 15 (record and case citations omitted.))

Because the ALJ's decision that Plaintiff was not entitled to disability insurance benefits was supported by substantial evidence, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's denial of disability. The Clerk of the Court is **DIRECTED** to enter judgment in favor of the Commissioner.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 23, 2025